JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

GARTH HIRE (CABN 187330)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612-5217
   Telephone:  (510) 637-3929
   Facsimile:   (510) 637-3724
   E-Mail:     Garth.Hire@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 09-00070 SBA |
|     Plaintiff, | )<br>)<br>) | STIPULATION AND ORDER<br>CONTINUING STATUS CONFERENCE<br>AND EXCLUDING TIME |
|     v. | ) | |
| JEROME TOY SINCLAIR, | )<br>) | |
|     Defendant. | )<br>) | |

     Plaintiff, by and through its attorney of record, and defendant, by and through his attorney of record, hereby stipulate and ask the Court to find as follows:

     1.    A status conference in this matter is currently scheduled for 9 a.m. on Tuesday, January 12, 2010.

     2.    The parties request that this hearing be continued until 9 a.m. on Tuesday, February 9, 2010, in order to provide defendant's counsel with additional time to evaluate the evidence in this case and determine whether or not defendant should enter a change of plea or file motions and to prepare for trial in this matter.

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME

3. Specifically, defendant's counsel needs the continuance in order to review discovery with defendant, particularly additional discovery to be produced by the government regarding laboratory results, investigate the case, and develop a motions and/or trial strategy in light of the discovery. In addition, counsel for defendant and the government require additional time to meet and confer with respect to the production of discovery regarding the informant in this case so that defendant's counsel can determine whether or not to file a motion to compel informant-related discovery. The parties believe that failure to grant the above-requested continuance would deny defendant's counsel and defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence and that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendant in a trial within the date prescribed by the Speedy Trial Act.

4. Thus, the parties respectfully request that the Court find that the time period from January 12, 2010, to February 9, 2010, is excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, taking into account due diligence.

IT IS SO STIPULATED.

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: January 11, 2010           /s/
                                  GARTH HIRE
                                  Assistant United States Attorney

                                  Attorney for United States of America

Dated: January 11, 2010           /s/
                                  JOYCE LEAVITT

                                  Attorney for Defendant
                                  Jerome Toy Sinclair

STIPULATION AND ORDER RESCHEDULING
HEARING; EXCLUDING TIME           2

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO FOUND AND ORDERED THAT:

1. The currently scheduled January 12, 2010, status conference hearing is vacated. A status conference hearing is now scheduled for 9:00 a.m. on February 9, 2010.

2. The time period from January 12, 2010, to February 9, 2010, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv) because it results from a continuance granted by the Court at the defendant's request and on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial and because failure to grant the continuance would unreasonably deny defense counsel the time necessary for effective preparation for trial, as set forth above, taking into account due diligence.

DATED: 1/11/10                     _____
                                    HONORABLE SAUNDRA BROWN ARMSTRONG
                                    UNITED STATES DISTRICT JUDGE