UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>JEROME TOY SINCLAIR,<br><br>       Defendant. | Case No:  CR 09-00070 SBA<br><br>**ORDER DENYING MOTION TO SUPPRESS**<br><br>Dkt. 67, 68 |

Defendant Jerome Toy Sinclair is charged in a four-count Indictment with violations of 21 U.S.C. § 843(b)—Use of a Communications Facility (Telephone) to Facilitate Narcotics Trafficking (Counts One and Three) and 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii)—Distribution of Crack Cocaine (Counts Two and Four).  The parties are presently before the Court on Defendant's Motion to Suppress.  Dkt. 67.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion without prejudice, for the reasons set forth below.

I.    BACKGROUND

On March 5, 2009, Defendant was driving on a street in East Palo Alto when he was pulled over by Menlo Park Police Officer Manuel Torres and East Palo Alto Police Department Detective Angel Flores (collectively "Officers").  Def.'s Ex. A, Dkt. 78-1.  The Officers informed Defendant that they had a warrant for his arrest and instructed him to exit the vehicle.  Id. Ex. B ¶ 1, Dkt. 78-2.  The Officers searched the Defendant and seized his keys, cellular telephone and money from his pockets.  Id. ¶ 2.  After placing the Defendant in their patrol car, the Officers drove to 2568 Emmett Way in East Palo Alto where they

used the keys obtained from the Defendant to access and search a van owned by his mother which was parked on the street.  Id.   The Officers seized items from the van, but failed to provide an inventory to either the Defendant or his mother.  Id.

Defendant now moves to suppress all evidence seized from the van on the ground that the Officers lacked a search warrant.  Instead of opposing Defendant's motion on the merits, the Government filed a "preliminary response" in which it contends that Defendant failed to establish that he has standing to challenge the Officers' warrantless search.  The Court, in turn, ordered Defendant to respond to the Government's preliminary opposition and address the issue of standing.  Defendant filed his response, which is supported by his declaration, among other documents.  Dkt. 67.  The Court now considers the issue of whether Defendant has established a legitimate expectation of privacy in the van.

## II.   DISCUSSION

The Fourth Amendment protects individuals against unreasonable searches and seizures.  U.S. Const. amend. IV.  Any evidence resulting from an unconstitutional search or seizure cannot be admitted as proof against the victim of the search, and therefore must be suppressed.  See Wong Sun v. United States, 371 U.S. 471, 485 (1963).  The Supreme Court has held that "the proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." United States v. Caymen, 404 F.3d 1196, 1199 (9th Cir. 2005) (citing Rakas v. United States, 439 U.S. 128 (1978)).

A criminal defendant "may invoke the protections of the Fourth Amendment only if he can show that he had a *legitimate* expectation of privacy in the place searched or the item seized." United States v. Zeigler, 474 F.3d 1184, 1189 (9th Cir. 2007) (citing Smith v. Maryland, 442 U.S. 735, 740 (1979)).  Where a vehicle search is challenged, the defendant must show that he had a reasonable expectation of privacy in the subject vehicle. United States v. Pulliam, 405 F.3d 782, 786 (9th Cir. 2005).  A defendant may challenge a vehicle search owned by another if he had permission from the owner to use the vehicle. For example, in United States v. Portillo, 633 F.2d 1313 (9th Cir. 1980), the Ninth Circuit

held that the defendant had standing to challenge a search of a car owned by his friend where the defendant "had both permission to use his friend's automobile and the keys to the ignition and the trunk, with which he could exclude all others, save his friend, the owner." Id. at 1317.  More recently, in United States v. Thomas, 447 F.3d 1191 (9th Cir. 2006), the court held that a defendant could have a legitimate expectation of privacy in a rental vehicle rented to a third party, provided that "he received [the third party]'s permission to use the car." Id. at 1199.

In the instant case, Defendant has failed to establish that he had a legitimate expectation of privacy in the van.  Though it is clear that Defendant possessed the keys to van, Defendant does not state how he obtained the keys or that he, in fact, had his mother's permission to use the van.  Nor does Defendant make any showing that he had the authority to exclude all others, except his mother, from using or accessing the van.  Based on Defendant's failure to make this foundational showing, the Court finds that Defendant lacks standing to challenge the search of the van belonging to his mother and denies his motion to suppress.  E.g., id. (affirming denial of motion to suppress where defendant failed to establish that he had "permission" to use the rental car).  However, since it conceivable that Defendant could cure the foregoing deficiencies and make the requisite showing to establish a legitimate expectation of privacy in the van, the denial of his motion is without prejudice to renewal.

## III.   **CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Defendant's motion to suppress evidence is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  December 1, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge